# KLOCKENBAUM v. PIERSON.

THE competency of a witness whose interest has been created by his execution, as surety, of a statutory undertaking made on behalf of one of the parties for the purposes of the action, may be restored on the trial, either by the substitution of another surety upon the undertaking, or by a deposit in Court of a sufficient sum of money to cover all liability attaching to the proposed witness by reason of his suretyship.

Alleged errors in findings of fact, will not be considered where the findings themselves are immaterial to the decision.

An affidavit of a party that he was surprised at the admission of a witness on the trial because his attorney had advised him that the witness was incompetent, and that he was also surprised by the testimony of the witness in stating a certain conversation incorrectly, is not sufficient to authorize the granting of a new trial on the ground of surprise.

Where, during the progress of a trial, the existence or the materiality of absent evidence is first discovered, the party desiring such evidence should move for a continuance until it can be obtained, and failing to do this, he cannot have a new trial on the ground that the evidence was newly discovered.

A new trial will not be granted because of the discovery of new evidence which is merely cumulative, and which, if produced, would only tend to contradict a witness of the opposing party.

APPEAL from the Fifteenth Judicial District.

The facts are sufficiently stated in the opinion.

*C. E. Wilkins,* for Appellant.

I. The Court below erred in allowing the release of witness C. B. Kimball, he being liable to pay plaintiff any judgment that he (plaintiff) might recover in the action. (Prac. Act, Secs. 123, 137; 1 Green. Ev. Secs. 426, 427.)

II. The Court erred in its finding of facts, that the note was paid by plaintiff, instead of being purchased. (*Williams* v. *Hall,* 9 Gill, Md. 347.) There is nothing in the testimony to show that plaintiff and Pierson ever had any conversation, except as to extension of time, and that is without consideration. (*Williams* v. *Covillaud,* 10 Cal. 419; *McCann* v. *Lewis,* 9 Id. 246.)

III. The Court erred in its conclusions of law, that the defendants Bliss and Thompson are not liable and that Pierson is, as there is no distinction between maker and surety, even if plaintiff knew

Klockenbaum *v.* Pierson.

they were sureties.   (*Aud* v. *Magruder*, 10 Cal. 282; *Kitzer* v. *Mills*, 9 Id. 21.)   Possession of a note, either before or after maturity, is *prima facie* evidence of ownership.   (2 Seldon, N. Y. 209; *McCann* v. *Lewis*, 9 Cal. 246.)

IV.   The Court erred in refusing plaintiff a new trial on the ground of newly discovered evidence, as shown by affidavits. (Prac. Act, Sec. 193.)

*Belcher & Belcher*, for Respondents.

The Court below rightly overruled the motion for a new trial.

I.   The interest of C. B. Kimball was removed by the deposit of money made by the defendants with the clerk.   (1 Green. Ev. Secs. 392, 431, and notes; 3 Phil. Ev. 38, and Cowen & Hill's Notes thereto, 629.)

II.   The findings of the Court were right upon the testimony submitted at the trial.   The testimony showed that Klockenbaum furnished the money to Pierson to pay the note, and that the other parties to it were thereby released.   (Story on Promissory Notes, Sec. 180.)   If the testimony was conflicting upon this point, still this Court will not disturb the judgment.

III.   The affidavits filed did not authorize the Court to grant a new trial, because—

1st. Klockenbaum might have had his alleged newly discovered evidence at the trial.   Want of recollection is no excuse.   (*Bond* v. *Cutter*, 7 Mass. 205; 1 Graham & Waterman's New Trials, 472, *et seq.*)

2d.   The alleged newly discovered evidence is cumulative. Plaintiff sued as indorsee, and was required to prove at the outset his purchase of the note; and

3d.   The alleged newly discovered evidence is sought to be used only to discredit the witness Kimball.   (1 Graham & Waterman's New Trials, 495 *et seq.; Bartlett* v. *Hodgdon*, 3 Cal. 57; *Brooks* v. *Lyon*, Id. 114; *Live Yankee Co.* v. *Oregon Co.*, 7 Id. 42; *Baker* v. *Joseph*, 16 Id. 180.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action brought by the plaintiff upon a promissory note executed by Pierson, Bliss, Thompson, and McDuffie, as the makers, and Kimball as indorser. Bliss, Thompson, McDuffie, and Kimball defend the action, claiming that the note was made for Pierson's benefit, and that they were only sureties and indorsers for him, and that the plaintiff, instead of being a purchaser of the note, paid the same for Pierson, under a promise from Pierson that he would give him a new note with the same persons as sureties. Judgment was rendered in favor of Bliss, Thompson, McDuffie, and Kimball, against the plaintiff, who moved for a new trial, which was denied, and he takes this appeal from the judgment and the order overruling the motion for a new trial.

On the trial the defendants offered one C. B. Kimball as a witness, and plaintiff objected to his testifying on the ground that an attachment had been issued in the action, and a bond had been given to release the property from the attachment, and the witness was one of the sureties on that bond, and therefore interested. The defendants then applied to the Court for leave to substitute another surety on the bond in place of the witness. The Court refused to allow the substitution, but permitted the defendants to deposit with the Clerk the full amount of the bond in lieu thereof, and then permitted the witness to testify, to which the plaintiff objected and excepted, and this is the first error assigned. A witness who is rendered incompetent because of his being surety on a bond given in the action, as in the present case, can be rendered competent, either by substituting another surety, or by deposit of a sufficient sum of money. (1 Greenl. Ev. Sec. 392, note 3, 430, citing numerous authorities; 3 Phillips' Ev. C. H. & E.'s Notes, 38, note 629.) The money deposited in Court is certainly a better security to the plaintiff than any bond could be. There was no error in this action of the Court.

The next assignment of error is, that the Court erred in finding as a fact that the plaintiff paid the note for Pierson instead of purchasing it, and that this finding is contrary to the evidence. There seems to be sufficient evidence to sustain the finding. The evidence is not very clear or positive whether the money paid by the plaintiff was by the way of payment or a purchase, but we think it preponderates in favor of the finding, and we shall not disturb it.

The appellant also objects to several other findings of the Court, as not sustained by the evidence. Some of these findings have very slight evidence to support them, but they are not very material to the case. The principal fact found, that the money paid by the plaintiff was a payment of the note, and not a purchase, renders the other findings objected to entirely immaterial. That fact alone defeats the plaintiff's right to recover against the contesting defendants. Pierson did not answer or contest the suit, and judgment was rendered against him in favor of the plaintiff, and he does not appeal therefrom.

The last assignment of error is that the Court erred in refusing to grant the plaintiff a new trial on the ground of newly discovered evidence and surprise. Plaintiff states in his affidavit on this point that he was surprised at the admission of C. B. Kimball as a witness, as his attorney had advised him that he could not be admitted, and he was further surprised at the testimony given by Kimball on the trial, as he stated the conversation between them entirely different from what he understood it. The plaintiff has not shown sufficient in his affidavit to entitle him to a new trial on the ground of surprise. (*Brooks* v. *Lyon*, 3 Cal. 113; *Taylor* v. *The California Stage Company*, 6 Id. 230; *Packer* v. *Heaton*, 9 Id. 571; *Fuller* v. *Hutchings*, 10 Id. 526.) The newly discovered evidence is set forth in the affidavit of one Anderson, who states that he was present at the conversation between the plaintiff and C. B. Kimball, and respecting which Kimball testified on the trial, and then gives his recollection of the conversation. The plaintiff gives, as a reason why he did not procure the attendance of Anderson at the trial, that he did not recollect that Anderson was present at the conversation until he heard Kimball state the fact in his evidence. The plaintiff fails to show proper diligence, and the new evidence is merely cumulative, and would only tend to contradict the witness of the defendants. When he was brought to recollect that Anderson was present at the conversation spoken of, then, if he desired his testimony, he should have applied to the Court to continue the case, to enable him to procure it. (3 Cal. 57, 114, 399; *Taylor* v. *California Stage Co.*, 6 Id. 230; *Live Yankee Co.* v. *Oregon Co.*, 7 Id. 42; *Berry* v. *Metzler*, Id. 418; *Baker* v. *Joseph*, 16 Id. 180.)

The judgment is affirmed.