J. ARNOLD, J. McNEILL, L. A. UPSON, AND L. S. ADAMS, PARTNERS, ETC., UNDER THE FIRM NAME OF "JOHN ARNOLD & Co." *v.* E. M. SKAGGS.

EVIDENCE.—Where I., who was conducting a stable business, gave to the Assessor for the purposes of assessment for taxes, a list of the personal property used in said business, which was conducted in a building owned by S., as the property of the latter, and thereafter S. appeared before the Board of Equalization to procure a reduction of said assessment: *Held*, in an action against S. for goods delivered and used in said stable business, and in which action the main issue was whether said goods had been sold to I. or S., that said assessment was competent evidence as tending to prove that said goods were sold to S.

NEW TRIAL ON GROUND OF NEWLY DISCOVERED EVIDENCE.—Motions for new trial on the ground of newly discovered evidence must be regarded with suspicion and disfavor. In such cases the motion must be supported by the affidavit of the moving party that he did not know of the newly discovered evidence, and usually by the affidavits of the newly discovered witnesses stating what they know and will testify. The affidavit of the party cannot be received in lieu of the affidavits of such witnesses, unless for good cause shown it appears that the affidavits of the latter cannot be obtained in time, or in such further time as may have been granted for that purpose.

IDEM.—A party who relies on such ground must make a strong case by the best evidence obtainable, both in respect to diligence on his part in preparing for the trial, and as to the truth and materiality of the newly discovered evidence.

IDEM.—In such a case the moving party must show by his own affidavit that the new evidence was not known to him at the time of the trial. Upon that question, the affidavits of other persons are not sufficient.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

This was an action on an account for goods alleged to have been sold and delivered to the defendant. The answer was a general denial.

It appeared from the evidence at the trial that the goods were furnished to the Eagle Stables, in Sacramento City; that the defendant owned the real property, and that his name was posted up conspicuously over the principal entrance to the stable building; but it was claimed on the part of the defendant that the personal property and business conducted therein was owned by one Ingles, and that defendant was not connected with said business—on which latter points the evidence was conflicting.

It likewise appeared from the evidence that for the year during which said goods were furnished, said Ingles furnished to the Assessor of Sacramento County the list for the purposes of taxation of the property and business of said stables as the property of the defendant; and that subsequently the latter appeared with said Ingles before the Board of Equalization of said county for the purpose of procuring a reduction of the amount of said assessment. Upon this state of facts, and for the purpose of proving that the defendant was the owner of said property and business, the plaintiffs offered said assessment in evidence, which, under the defendant's objection thereto on the grounds of irrelevancy and incompetency, was admitted, and the defendant excepted.

The plaintiffs had judgment, and the defendant moved for a new trial, on the grounds: First, of error in admitting said assessment in evidence; second, that the findings and judgment were contrary to the evidence; and third, of newly discovered evidence.

In support of the last named ground, the defendant filed the affidavits of Doctors Frey & Thomas, to the effect that John Arnôld, one of the plaintiffs, who gave material evidence for them at the trial, was at the time of said trial insane, and stating as matter of belief that the fact was at the time unknown to the defendant; also, an affidavit by

the defendant of certain newly discovered evidence, which he could produce at another trial, to be given by Covey, Earl, and Knox as witnesses. But no affidavits concerning said matters made by said persons were filed, except by Covey, who had been examined as a witness at the trial on the part of the defendant.

The motion for a new trial was denied, and the defendant appealed from the judgment and from the order denying said motion.

The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding,* for Appellant.

*J. L. English,* and *A. Comte, Jr.,* for Respondents.

By the Court, SANDERSON, J.:

1. Taken in connection with the other evidence, which shows that the defendant appeared before the Board of Equalization and applied for a reduction of the assessment made upon the list given by Ingles as his agent, thereby ratifying the act of Ingles as his, we think the list itself was relevant and admissible. The listing of the property which was in use in the business by Ingles in the name of the defendant, the knowledge of the defendant that Ingles had so listed it, which is shown by his appearance before the Board of Equalization to procure a reduction of the assessed value of the property, tended directly to prove that the property used in the business was his, that Ingles was acting as his agent, and hence that the business carried on at the stables might also be his.

2. We cannot grant a new trial upon the ground that the Court found contrary to the evidence. The evidence is conflicting.

3. The showing in support of the motion, under the head of newly discovered evidence, is also insufficient.

The affidavit of the defendant fails to show that he was

not cognizant of the alleged insanity of Arnold before or at the time of the trial. The affidavits of Frey and Thomas both show, it is true, that they informed the defendant of Arnold's supposed insanity after the trial, and that they verily believe that he (the defendant) was ignorant of it until so informed by them; but their belief is insufficient. The defendant himself should have spoken upon the question. The fact that he is silent justifies the inference that Frey and Thomas are mistaken in their belief, and that he knew all about the alleged insanity of Arnold at or before the trial. In applications of this kind, as well as in other legal proceedings, the best evidence within reach must be produced. The defendant must have known whether the alleged insanity of Arnold was first made known to him after the trial, and his sworn statement that it was would be much more satisfactory than the mere belief of any number of other persons. (*Baker* v. *Joseph*, 16 Cal. 180.)

As to the witness Covey, the case not only fails to show diligence in preparing for trial, but shows negligence. He was called by the defendant as a witness, and examined at the trial; and the most ordinary diligence on the part of the defendant or his counsel would have led to the discovery of what further, if anything, he knew about the case. That the discovery, under such circumstances, was not made until after the trial, must be attributed to negligence.

What has been said about the defendant's affidavit, so far as it relates to the witness Covey, is also true of it generally. It wholly fails to show any diligence on the part of the defendant in seeking, before the trial, the evidence which he claims to have discovered after the trial. But were it otherwise, the showing would still be insufficient also as to the other witnesses, Earl and Knox, for it is not supported by their affidavits. In asking for a new trial on the ground of newly discovered evidence, it is not sufficient for the moving party to state in his affidavit what, as he has learned, certain persons know about the matter, and how, as he believes, they will testify. He must produce the affidavits of the newly

discovered witnesses as to what they know, and as to what they will testify. The affidavit of the party himself is but hearsay testimony, and cannot be received, unless, for good cause shown, the affidavits of the newly discovered witnesses cannot be obtained in time, or in such further time as may have been granted for that purpose. (*Jenny Lind Co.* v. *Bowers*, 11 Cal. 194; *People* v. *DeLacey*, 28 Cal. 590.) The affidavits of Earl and Knox were not obtained, nor was any cause shown why they were not.

Applications for new trials upon the ground of newly discovered evidence must be looked upon with suspicion and disfavor, because the temptation to make a favorable showing after having sustained a defeat is great. A party who relies upon that ground must make a strong case, both in respect to diligence on his part in preparing for the trial and as to the truth and materiality of the newly discovered evidence, and that, too, by the best evidence which can be obtained. If he fails in either respect, his motion must be denied. The defendant in this case has failed in both.

Judgment and order affirmed.