No. 2,281.

C. C. BUTLER, APPELLANT, v. FERDINAND VASSAULT, et al. RESPONDENTS.

PLEADING.—ACTION TO REVIEW JUDGMENT.—NEWLY-DISCOVERED EVIDENCE.—LACHES.—In an action to review a former judgment and for a new trial therein, on the ground of newly-discovered evidence, it is incumbent on the plaintiff to establish that he has been guilty of no *laches,* and that the failure to produce the evidence on the former trial was imputable to no lack of diligence on his part.

IDEM.—To entitle him to relief, he is held to a strict proof of diligence; and a general averment is not sufficient. He must state particularly what acts he performed, in order that the Court may decide whether proper diligence was used.

PRACTICE.—NEW TRIAL.—In an action for the recovery of real property sold under execution, the mere fact that the purchaser—who was not called as a witness—omitted to disclose the fact that at the time of the sale he had notice of a prior conveyance of the same property, is of itself no ground for a new trial.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion.

*Lloyd Baldwin,* for Appellants.

*Estee & McLaurin,* for Respondents.

CROCKETT, J., delivered the opinion of the Court; TEMPLE, J., WALLACE, J., and RHODES, C. J., concurring:

The appeal in this case is from an order sustaining a demurrer to the complaint. There were two grounds of de-

murrer assigned: first, a defect of parties plaintiff; and second, that the complaint does not state facts sufficient to constitute a cause of action. The action is in the nature of a bill of review, and for a new trial in a former action brought by the defendant, Vassault, against one Austin and his wife, to recover the possession of certain real estate. During the pendency of that action, and before the judgment was rendered in favor of the plaintiff therein, the present plaintiff obtained a conveyance from Mrs. Austin for three undivided fourths of the premises sued for. It appears that the land in controversy was formerly the property of F. B. Austin, who, in 1855, conveyed it to his wife by an unrecorded deed of gift; and subsequently, Vassault purchased the same and obtained the Sheriff's deed therefor, under an execution sale against the said F. B. Austin. The principal question in the cause was whether or not Vassault was a *bona fide* purchaser without notice of the prior conveyance from Austin to his wife; and the Court found that he was such *bona fide* purchaser without notice, and accordingly rendered a judgment in his favor for the possession of the premises. The present plaintiff alleges in his complaint that, after he became interested in the property by the conveyance from Mrs. Austin, pending the former action, he frequently consulted with Austin and his wife as to the defense of the action, and that he personally exercised the greatest diligence in preparing the defense, and in ascertaining and producing at the trial all the evidence within his knowledge which was material to the defense; that long after the judgment had become final he ascertained for the first time that, at the time of the sale at which Vassault became the purchaser, the Sheriff distinctly notified all bidders, of whom Vassault was one, that Mrs. Austin claimed to own the property as of her separate estate, and that the title which the Sheriff proposed to sell was only such interest as F. B. Austin owned. He further avers, on his information and belief, that neither Austin nor his wife had any knowledge during the pendency of the action, nor until long after a final judgment was rendered

therein, that the Sheriff had given to the bidders at the execution sale the notice of Mrs. Austin's claim as already stated.    He further alleges that Vassault fraudulently concealed the fact that at the time of his purchase he had notice of Mrs. Austin's claim, and he avers that if he is afforded an opportunity to do so, he can now establish by conclusive proofs the fact of such notice.    In actions to review a former judgment, and for a new trial therein on the ground of newly-discovered evidence, it is plain both on reason and authority, that it is encumbent on the plaintiff to establish that he has been guilty of no *laches*, and that the failure to produce the evidence on the former trial was imputable to no lack of diligence on his part.    There would be no end of litigation if issues of fact once tried and decided were liable to be again opened upon an allegation that the unsuccessful party had discovered new and material evidence, of which he had no knowledge at the trial.    To entitle him to relief he is held to strict proof of diligence; and a general averment of diligence is not sufficient.    He should state particularly what acts he performed, in order that the Court may decide whether proper diligence was used.    In this case the complaint averred only in general terms that the plaintiff used proper diligence, which is only an averment of a conclusion of law.    He should have stated what steps, if any, he took to ascertain the fact of notice to Vassault.

The complaint fails to show that the plaintiff made any inquiry of the Sheriff, or of any one present at the sale, whether or not notice was given to the bidders of Mrs. Austin's claim; and in the absence of such an averment, there can be no presumption that any such inquiry was made, and the failure to make it, under all the circumstances, would raise a presumption of negligence.    But, even though the complaint had shown proper diligence on the part of the plaintiff, there is no averment of any diligence whatever on the part of Mrs. Austin, under whom the plaintiff acquired his title, pending the action; and it is not clear that he would not be bound by her neglect.    But,

however this may be, the complaint avers no facts showing proper diligence on the part of plaintiff himself. If actions of this character could be maintained on such general and vague averments of diligence as are contained in this complaint, there would be no end to litigation, and the trial of causes would be but an expensive and interminable proceeding, never to be ended so long as the unsuccessful party should allege, in general terms, that after proper diligence he had failed to discover, in time for the trial, evidence which was material to the issue. Nor can the fact, which is averred in respect to the concealment by Vassault of the notice given to him by the Sheriff, afford any ground of relief in this case. It does not appear from the complaint that Vassault was examined as a witness on the trial, and the mere fact that he omitted to disclose the circumstance of the notice given by the Sheriff is of itself no ground for a new trial. He was not bound to furnish evidence for his adversary unless called upon to testify as a witness; and even then, if he had testified falsely, the plaintiff could have had no relief, provided there was evidence within his power which he might, with reasonable diligence, have produced to rebut the false testimony. This view of the case renders it unnecessary to decide the question raised by the demurrer as to the defect of parties plaintiff.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.