[Department Two. — March 12, 1883.]

## THOMAS McVERRY, APPELLANT, *v.* J. W. KIDWELL ET AL., RESPONDENTS.

EVIDENCE — STREET ASSESSMENT — FRAUD. — Where a contract to construct a sewer provides that the work shall be done in a good and workmanlike manner, setting out in detail the character of the materials to be used, and further provides that the work shall be done to the satisfaction of the superintendent of streets, or his deputy, in an action to recover an assessment for the work, the satisfaction of the superintendent or his deputy — where fraud is alleged — is not controlling as to whether the work was properly done and suitable materials furnished respecting the matters specially required by the contract.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates,* and *J. M. Wood,* for Appellant.

*Taylor,* and *Haight,* for Respondents.

PER CURIAM. — This is an action to recover an assessment for constructing a sewer in the city and county of San Francisco. The defense was that the sewer was not constructed in accordance with the contract and specifications.   The court found that the contract required the work to be done in a good and workmanlike manner, the bricks to be sound and hard-burned, one barrel of cement to be used to each barrel of sand, and no lime to be used ; that at least seven per centum of the bricks used were not sound hard-burned bricks, but were of quality inferior thereto, and were used with intent to cheat and defraud the defendants;

that the plaintiff used from ten to fifteen per centum more sand than the specifications called for.

Although the evidence is conflicting, yet there is sufficient to sustain the findings.

The contract also provided that the work should be done to the satisfaction of the superintendent of streets or his deputy. The plaintiff claims that the satisfaction of the superintendent or his deputy must be controlling as to whether the work was properly done and suitable materials furnished. That may be so as to details not specially set forth in the contract and specifications; but as to matters thus specially set forth, the contract and its requirements must be held to prevail.

It may also be true that the satisfaction of the superintendent or his deputy would be *prima facie* evidence of the proper performance of the contract, nothing to the contrary appearing; but fraud on the part of the plaintiff was set up as a defense, and on that issue the court found very clearly against him. Looking at the evidence before us, we will not disturb the action of the court below.

We see no error; the order is therefore affirmed.