[No. 15616.   Department One.—October 2, 1894.]

# SANTA CRUZ ROCK PAVEMENT COMPANY, RESPONDENT, *v.* WALLACE A. BOWIE, APPELLANT.

STREET ASSESSMENT—NONCOMPLIANCE WITH CONTRACT—DEFENSE.—Assuming that, in an action to foreclose the lien of a street assessment, it is competent for the defendant to show that the work contracted for had not been done, or that the specifications for the work have been manifestly disregarded, such a defense must not only be alleged in the answer, but must also be supported by evidence at the trial.

ID.—ERRORS IN LAW, HOW REVIEWED—NEW TRIAL.—If the court refuses to hear any evidence in support thereof, or disregards it in its decision, exception should be taken to its rulings, in order to have the same considered upon a motion for a new trial. Upon the hearing of such motion any errors in law occurring at the trial must be presented in a bill of exceptions or statement of the case, and cannot be considered if presented merely in *ex parte* affidavits containing the evidence which was presented at the trial and the rulings thereon.

ID.—SURPRISE.—Erroneous views of the law, or advice of an attorney contrary to the rulings of the court, is not the "surprise" for which a new trial may be granted.

ID.—JURY TRIAL—SUIT IN EQUITY.—In an action to foreclose the lien of a street assessment a party is not entitled to a jury trial. Such action is in equity, and is not founded upon any contract made by, or personal liability against, the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The action was brought to foreclose the lien of a street assessment. The facts are stated in the opinion of the court.

*J. T. Rogers*, for Appellants.

*Parker & Eells*, for Respondent.

HARRISON J.—Assuming that, in an action to fore-close the lien of a street assessment, it is competent for the defendant to show that the work contracted for has not been done, or that the specifications for the work have been manifestly disregarded (*McVerry* v. *Kidwell*, 63 Cal. 246), such a defense must not only be alleged in the answer, but must also be supported by evidence at the trial.    If the court refuses to hear any evidence in support thereof, or disregards it in its decision, excep-tion should be taken to its rulings, in order to have the same considered upon a motion for a new trial.    Upon the hearing of such motion any errors in law occur-ring at the trial must be presented in a bill of excep-tions or statement of the case (Code Civ. Proc., sec. 658), and cannot be considered if presented merely in *ex parte* affidavits containing the evidence which was presented at the trial and the rulings thereon.

After the trial in the present action the defendants gave notice of their intention to move for a new trial upon the ground of surprise and errors in law occur-ring at the trial, stating that the motion as to the sur-prise would be made upon affidavits.    In their notice of intention they also specified certain particulars in which they claimed that the court erred at the trial. Subsequently affidavits were filed on their behalf, set-ting forth matters which would have constituted evi-dence in support of their defense of nonperformance of the contract according to its terms, but which, if admis-sible at all, should have been offered at the trial.    There is no statement or bill of exceptions in the record, and it does not appear whether this evidence was offered at the trial, unless it is to be inferred from a statement in the affidavit of the defendant, Bowie, that he was not prepared at the trial to present the matters embodied in his affidavit, for the reason that he was surprised at a ruling of the court contrary to what his attorneys had previously advised him.    Erroneous views of the law, or advice of an attorney contrary to the ruling of the court, is not, however, the " surprise" for which a

new trial will be granted. (*Klockenbaum* v. *Pierson*, 22 Cal. 160.)

The court did not err in refusing the demand for a jury trial. The action is in equity for the foreclosure of the lien of an assessment, and is not upon any contract made by the defendant (*Emery* v. *Bradford*, 29 Cal. 75), or upon which there is any personal liability against the defendant. (*Taylor* v. *Palmer*, 31 Cal. 241.) In such an action neither the constitution nor the statute requires the submission of the issues to a jury. (Code Civ. Proc., sec. 592; *Cassidy* v. *Sullivan*, 64 Cal. 266.)

The judgment and order are affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.