[L. A. No. 3993. Department Two.—August 16, 1917.]

R. S. MAUNDER, Respondent, v. EMIL A. POZZO et al., Appellants.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.—In an action for damages a motion for a new trial on the ground of newly discovered evidence in support of a plea of the statute of limitations is properly denied, the record showing that the evidence was cumulative and also that it might have been procured at the trial by the exercise of due diligence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, for Appellants.

Wilbur Bassett, and W. G. Van Pelt, for Respondent.

MELVIN, J.—Defendants appeal from a judgment for damages for personal injuries and from an order denying their motion for a new trial.

Defendants were general contractors engaged in the erection of a building. Plaintiff was a subcontractor who had undertaken the construction of the stairs in the building. While he was employed about his task he was struck by a piece of brick falling from the floor above the temporary stairway upon which he was at work. The result was an injury which caused the loss of one of plaintiff's eyes. Judgment was given in his favor for one thousand two hundred dollars.

Before the findings were signed, but after the taking of testimony had closed and the litigants on both sides had rested, defendants moved to reopen the case for the taking of further testimony relative to the defense of the statute of limitations. The court denied the motion and such denial is specified by appellant as error. The complaint set forth the date of the alleged accident as the tenth day of January, 1912, while in the answer it was described as having happened during the month of December, 1911, and a defense was pleaded which was based upon the alleged bar of subdivision 3 of section 340 of the Code of Civil Procedure, the complaint having been filed on January 4, 1913. The court found that the accident happened on the 10th of January, 1912, and this finding was supported by the testimony of plaintiff, together with that of his daughter and the statement of his physician, who said that he first treated plaintiff's injury on January 11, 1912. Defendants offered testimony in conflict with that of plaintiff and his witnesses but the newly found evidence described in the affidavits supporting the motion to reopen the case was offered upon the theory that the records of the plumbing inspector's office showed completion and inspection of the rough plumbing in the building prior to the date mentioned by plaintiff, and that other evidence proved that one Sherrin, admittedly an eye-witness to the accident, did no work in the building after the rough plumbing had been finished. But the newly discovered evidence was merely cumulative. It is a matter of common knowledge that records of inspection of plumbing are kept, and of course if these records tended to contradict the plaintiff in the present case, due diligence on the part of defendants would have

developed that fact before the close of the trial, quite as easily as at a later time. Because, therefore, the offered evidence was cumulative and because defendants did not satisfactorily show that they could not have procured it at the trial by the exercise of due diligence, there was no error committed by the trial court in the denial of the motion to reopen the case for further trial. (*Estate of Walker*, 148 Cal. 162, [82 Pac. 770] ; *Chalmers* v. *Sheehy*, 132 Cal. 459, [84 Am. St. Rep. 62, 64 Pac. 709] ; *Wood* v. *Moulton*, 146 Cal. 317, [80 Pac. 92].)

The evidence showed that certain men in the employ of defendants were removing rubbish, consisting partly of broken bricks, from a floor of the building. Plaintiff, who had constructed a rough stairway, was carrying a timber up to the floor where the men were at work, when a piece of brick was impelled into the space left for the stairway. The fragment struck him and inflicted the injury described in his complaint.

The court found that upon plaintiff's objection that he was in danger when other workmen were employed on the parts of the building above him, defendants promised to exercise care and provide a safe place for him to work. It is evident from his pleading that plaintiff did not rely solely upon the duty imposed by law upon defendants to provide him with a safe place in which to perform his labor, but he alleged, and the court found, that his employers had expressly assumed such obligation. Under the pleading and proof there was no sufficient support to the theory of defendants that plaintiff had assumed all of the risks ordinarily incident to his employment and that the accident was the result of one of such usual dangers. The proof of the removal of the rubbish in the manner and at the time shown was, under all the circumstances, sufficient to support the finding of negligence.

No other alleged errors require discussion.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.