[Civ. No. 5420. Second Appellate District, Division One.—December 6, 1928.]

MARY NORMAN, Appellant, v. YNEZ B. DE BOTILLER, Respondent.

George W. Wright and Hugh Foster for Appellant.

Edw. F. Wehrle for Respondent.

HOUSER, J.—Action brought by distributee of an estate on two promissory notes alleged to have been executed by defendant. The answer denied the allegations of the complaint, particularly with reference to the execution by defendant of either of the notes in question. From a judgment in favor of defendant, plaintiff appeals.

On the trial defendant testified that she did not sign either of the notes, thereby presenting a conflict in the evidence—which fact, under the well-known rule relating to appeals, constitutes a sufficient answer to appellant's contention that the evidence was insufficient to justify the findings and the judgment.

Appellant also urges the point that the trial court erred in denying plaintiff's motion for a new trial. The said motion was based upon alleged facts contained within affidavits made respectively by plaintiff and a witness who was present and testified at the trial of the action. By such affidavits it was made to appear that if a new trial were granted, by the use of certain letters purporting to have been signed by defendant, plaintiff would be able to establish the signature of defendant to the notes upon which the action was brought. However, no affidavit was presented to the court by any witness by whom such fact was proposed to be established. Other than the bare statement that after the trial of the action the so-called "new evidence" had come to the knowledge of plaintiff, "which ordinary prudence, care and diligence could not have discovered prior to the

trial of the action''—neither of the affidavits contained any showing of diligence to produce such evidence at the time the trial occurred.

The counter-affidavit of defendant showed that, in addition to the denials of the allegations of the plaintiff, contained in the answer of defendant, plaintiff had actual notice in ample time prior to the trial that defendant denied that she signed either of the promissory notes in question; also, that in all probability the evidence by which plaintiff expected to establish the fact that the signature to the notes was that of defendant was just as available to plaintiff before the trial occurred as it was after that event.

Without reference to other apparently good reasons therefor, it satisfactorily appearing that plaintiff did not exercise due care and diligence in discovering the ''new evidence'' to which attention has been directed; that no affidavit was presented by any person by whom the facts constituting such ''new evidence'' were proposed to be established; that at most such ''new evidence'' would have been cumulative in character and effect; that, considering the grounds of the motion, the decision thereof rested within the sound discretion of the court; and that no abuse of discretion of the court is shown—it follows that the order denying such motion cannot be disturbed on appeal.

The judgment is affirmed.

York, J., and Crail, J., *pro tem.,* concurred.