[S. F. No. 16310. In Bank.—November 17, 1939.]

ALICE M. SLEMONS et al., Respondents, v. LAURA C. PATERSON et al., Appellants.

K. R. McDougall for Appellants.

Charles H. Sooy and Charles D. Sooy for Respondents.

CARTER, J.—This is an appeal by defendants from an order granting plaintiffs' motion for a new trial. While the

notice of intention to move for a new trial contains all of the statutory grounds, it appears that the motion was granted solely upon the fifth ground stated in the notice, namely, newly discovered evidence.

The action was brought by plaintiffs on the 26th day of February, 1937, to recover a deficiency judgment after the sale of property under a deed of trust given to secure the balance of the purchase price thereof. The action was commenced four years and twenty-five days after the accelerated maturity of the note, which resulted from the filing for record in the recorder's office of a notice of default on January 31, 1933. The trial court rendered judgment for the defendants, who relied upon the four-year statute of limitations for actions on written instruments. (Sec. 337, subd. 1, Code Civ. Proc.)

Section 580a of the Code of Civil Procedure, and the 1933 amendment to section 337 of the said code, requiring actions for certain deficiency judgments to be brought within three months after the exercise of the power of sale, are not applicable here, since the sale took place before their effective date. (*Christina* v. *Hightower,* 22 Cal. App. (2d) 339 [70 Pac. (2d) 988]; *Bank of America Nat. T. & S. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 Pac. (2d) 296].)

In support of their motion for a new trial, plaintiffs filed an affidavit in which they stated that since the trial they had discovered that defendant Malcolm G. Paterson had been absent from the State of California, for a period of more than twelve weeks, and Laura C. Paterson, his wife, for a period of more than forty days during the four-year period from the accelerated maturity date of the note until the commencement of the action, with the result that the action was not barred by the statute of limitations above mentioned. (See sec. 351, Code Civ. Proc.)

Plaintiffs also stated in their said affidavit that they had been advised by their attorney prior to the commencement of said action, that the statute of limitations on their right to sue for a deficiency judgment would not commence to run from the accelerated maturity date of the note, but from the original due date, in which event the action was brought in time. After judgment was entered against them, they changed attorneys. At the direction of their new attorney, they made inquiry and learned from an officer of the cor-

poration by which defendant Malcolm G. Paterson was employed that he had been absent from California, for more than twelve weeks during the four-year period immediately preceding the commencement of the action, and from the lessor of defendants' residence, that defendant Laura C. Paterson had been absent from the State of California, for more than forty days during said period. Defendant Laura C. Paterson filed a counter-affidavit stating that she had not been absent from the state more than sixteen days during said period, but defendant Malcolm G. Paterson filed no counter-affidavit.

■ The only reason stated in plaintiffs' affidavit for failing to discover and produce this evidence upon the trial, is that they did not know that the Patersons had been absent from the state during said period, and that prior to the time that they consulted their new attorney, neither of the plaintiffs knew of the relevancy of any such absence of defendants. This does not constitute a legal excuse for failure to discover and present the evidence at the trial. (*Santa Cruz R. P. Co.* v. *Bowie,* 104 Cal. 286 [37 Pac. 934]; *Klockenbaum* v. *Pierson,* 22 Cal. 160.) Plaintiffs do not claim that they could not have discovered the facts as well before the trial as after, had they been aware of their importance. In *Looney* v. *Scott,* 71 Cal. App. 308 [235 Pac. 76], the excuse given for failure to produce certain testimony at a previous trial, upon motion for a new trial on the ground of newly discovered evidence, was that the defendant was not advised that the testimony was admissible. The court held that the new trial was properly denied. ■ Section 657, Code of Civil Procedure, makes no provision for a new trial on account of mistake of law of a party or his attorney. (*Santa Cruz R. P. Co.* v. *Bowie, supra; Le Tourneux* v. *Gilliss,* 1 Cal. App. 546 [82 Pac. 627]; *Klockenbaum* v. *Pierson, supra; Fuller* v. *Hutchings,* 10 Cal. 523 [70 Am. Dec. 746].) It seems clear in the case at bar that the plaintiffs' affidavit is, as a matter of law, insufficient to support an order granting a new trial on the ground of newly discovered evidence.

■ While the granting or denial of a motion for a new trial upon the ground of newly discovered evidence is generally a matter within the discretion of the trial court, and such an order will be affirmed unless a clear abuse of discretion is shown, this rule has no application where the affidavit

or other evidence upon which the order is made furnishes no basis for the exercise of such discretion. Such is the situation in the case at bar. The affidavit of plaintiffs is so lacking in essential particulars that it afforded no basis for the exercise of the discretion of the trial court in granting the motion.

It is further argued that plaintiffs should not be bound by their failure to produce this evidence at the trial for the reason that the defendants themselves knew the facts relating to their absence from the state during the period in question. This would not excuse plaintiffs from their failure to exercise due diligence to procure the evidence prior to the trial. (*Butler* v. *Vassault,* 40 Cal. 74.) It does not appear from plaintiffs' affidavit that they made any effort whatever to obtain the evidence prior to the trial. If the evidence had been obtained and presented, the issues presented by the pleadings could have been finally determined without further delay or additional expense to the parties.

It is a matter of public interest that there be an end to litigation and that a new trial should not be granted for the purpose of enabling a party to produce further evidence unless he has shown some legally justifiable excuse for not having produced such evidence at the former trial. (Sec. 657, subd. 4, Code Civ. Proc.) The affidavits supporting the motion must show that there has been no lack of diligence. (*Estate of Cover,* 188 Cal. 133, 149 [204 Pac. 583]; *People* v. *Byrne,* 160 Cal. 217, 225 [116 Pac. 521]; *Maunder* v. *Pozzo,* 175 Cal. 740 [167 Pac. 145]; *Smith* v. *Schwartz,* 14 Cal. App. (2d) 160, 166 [57 Pac. (2d) 1386]; *Vertson* v. *City of Los Angeles,* 116 Cal. App. 114, 119 [2 Pac. (2d) 411].)

Furthermore, plaintiffs should have filed the affidavit of the employer of defendant Malcolm G. Paterson and of the lessor of defendants' residence, instead of their own affidavit of facts learned from said persons, or have given a reason for their failure to file such affidavits. (*People* v. *Neal,* 27 Cal. App. (2d) 655 [81 Pac. (2d) 593]; *Smith* v. *Schwartz,* 14 Cal. App. (2d) 160, 167 [57 Pac. (2d) 1386]; *Norman* v. *de Botiller,* 95 Cal. App. 336 [272 Pac. 613]; *Arnold* v. *Skaggs,* 35 Cal. 684; 1 Cal. Jur. 655.)

In view of our conclusion that the order granting plaintiffs' motion for a new trial must be reversed, because of

the insufficiency of the affidavit upon which the order granting the motion was based, it becomes unnecessary to consider the other points raised by appellants, or their appeal from the order denying their motion to vacate the new trial order and from certain other orders made following the new trial order. (*Chase* v. *Trout,* 146 Cal. 350, 372 [80 Pac. 81].) The order granting a new trial is reversed, appellants to recover costs. The appeal from all other orders is dismissed.

Houser, J., Curtis, J., Shenk, J., Gibson, J., Waste, C. J., and Edmonds, J., concurred.

Rehearing denied.