[Civ. No. 13759. Second Dist., Div. Three. Mar. 11, 1943.]

ARTHUR HUTCHASON, as Administrator, etc., Respondent, v. BEN W. MARKS et al., Defendants; ROLAND CUMMINGS, Appellant.

Joseph Musgrove for Appellant.

Bailey & Poe for Respondent.

BISHOP, J. pro tem.—In *Slemons* v. *Paterson*, (1939) 14 Cal.2d 612 [96 P.2d 125], the Supreme Court reversed an order granting a new trial on the ground of newly discovered evidence (which was, that the Patersons had been absent from the state), and in doing so made these observations which are particularly pertinent to this case (pp. 615, 616) : ''The only reason stated in plaintiffs' affidavit for failing to discover and produce this evidence upon the trial, is that they did not know that the Patersons had been absent from the state during said period, and that prior to the time that they consulted their new attorney, neither of the plaintiffs knew of the relevancy of any such absence of defendants. This does not constitute a legal excuse for failure to discover and present the evidence at the trial. (*Santa Cruz R. P. Co.* v. *Bowie,* 104 Cal. 286 [37 P. 934] ; *Klockenbaum* v. *Pierson,* 22 Cal. 160.) Plaintiffs do not claim that they could not have discovered the facts as well before the trial as after, had they been aware of their importance. . . . It seems clear in the case at bar that the plaintiffs' affidavit is, as a matter of law, insufficient to support an order granting a new trial on the ground of newly discovered evidence.

''While the granting or denial of a motion for a new trial upon the ground of newly discovered evidence is generally a matter within the discretion of the trial court, and such an order will be affirmed unless a clear abuse of discretion is shown, this rule has no application where the affidavit or other evidence upon which the order is made furnishes no basis for the exercise of such discretion. Such is the situation in the case at bar. The affidavit of plaintiffs is so lacking in essential particulars that it afforded no basis for the exercise of the discretion of the trial court in granting the motion.

''. . . It does not appear from plaintiffs' affidavit that they made any effort whatever to obtain the evidence prior to the trial. If the evidence had been obtained and presented, the issues presented by the pleadings could have been finally determined without further delay or additional expense to the parties. It is a matter of public interest that there be an end to litigation and that a new trial should not be granted for the purpose of enabling a party to produce further evidence

unless he has shown some legally justifiable excuse for not having produced such evidence at the former trial. (Sec. 657, subd. 4, Code Civ. Proc.) The affidavits supporting the motion must show that there has been no lack of diligence. [Citing cases.]''

The appeal before us is from an order granting a new trial as to defendant Roland Cummings, in whose favor a nonsuit had been granted. The nature of the action is portrayed in *Hutchason* v. *Marks*, (1942) 54 Cal.App.2d 113 [128 P.2d 573], where we declined to dismiss this appeal. The minute entry of the order recites that it was argued and granted upon the ground of newly discovered evidence. Respondent's brief claims no support of the order other than the newly discovered evidence and we may assume that there is none. The only support for the motion for a new trial was an affidavit made by the plaintiff, who, as the administrator of the estate of Virginia Hutchason, had been substituted in her stead upon her death. The affidavit is not lengthy; omitting the caption, the subscribing clause and the exhibit, it reads: ''ARTHUR HUTCHASON being first duly sworn deposes and says: that he is the plaintiff in the above entitled matter; that since the trial thereof there has come to the knowledge of affiant new and important evidence for plaintiff, the existence of which was at the time of said trial, and before, wholly unknown to plaintiff.

''That said newly discovered evidence is not of a cumulative character and would produce a different result, upon another trial as to the judgment rendered herein granting a nonsuit in favor of defendant Roland Cummings; that said newly discovered evidence consists of the declaration of trust creating the so-called 'Morley Trust' under which defendant Arthur P. Morley acted as trustee for defendant Roland Cummings and others.

''That a copy of said declaration of trust is attached hereto as Exhibit A. (signed) Arthur Hutchason.''

Plaintiff's claim that this ''newly discovered'' evidence was ''wholly unknown'' to him, should have been supported by something more than his naked assertion on the subject, in view of the facts that in the opening paragraph of the first amended complaint the defendant Morley is alleged to be ''trustee of that certain trust denominated 'Morley Trust' '' and in paragraph VII of the same pleading refer-

ence is made to the Morley Trust, and to a document, annexed as an exhibit to the amended complaint, which appears to be signed by the "Morley Trust by B. W. Marks, Manager." But if we accept as binding upon appeal the statement that plaintiff did not know of the existence of a declaration of trust, without which a trust of whose existence he was well aware could not come into being, there still remains not even a feeble attempt to explain how the unknown became known, and no showing that if even a slight effort had been made it could not just as readily have become known before or during the trial, as afterwards. The exhibit attached to the complaint suggested that defendant Marks was manager of the trust. He was a witness at the trial, the last one on the stand before the motion for a nonsuit on behalf of the defendant Roland Cummings was made and granted. No question was asked him about the creation of the trust. Plainly, unless the principle is to be abandoned that to merit a new trial on the ground of newly discovered evidence the moving party must show some effort to discover the evidence before and not after a judgment has been entered, the plaintiff's motion was so lacking in support that the trial court had no place upon which to stand in order to exercise its discretion.

The order appealed from is reversed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.