[Civ. No. 17496.   Second Dist., Div. Two.   Mar. 7, 1950.]

POWELL C. EDWARDS, Appellant, v. EARL F. FLOYD
et al., Respondents.

Miller, Vandegrift & Middleton, Bent & Clapp and Thomas Middleton for Appellant.

James M. Gammon, William V. Krowl and Kimball Fletcher, Jr., for Respondents.

McCOMB, J.—This is an appeal by plaintiff from an order granting defendants' motion for a new trial on the ground of newly discovered evidence. The action was for crop damage suffered by plaintiff as a result of defendants' interfering with plaintiff's water supply.

This is the sole question presented for our determination:

*Did the trial court abuse its discretion in granting the motion for a new trial on the ground of newly discovered evidence for the reason that defendants failed to show that they had used "reasonable diligence" to discover and produce such evidence at the time of the trial?*

This question must be answered in the affirmative and is governed by these rules:

(1) On the hearing of the motion for a new trial it is incumbent upon the moving party to show that he has exercised reasonable diligence to discover before the trial the evidence upon which he relies as "newly discovered." (*Forman* v. *Goldberg*, 42 Cal.App.2d 308, 317 [108 P.2d 983]; *Slemons* v. *Paterson*, 14 Cal.2d 612, 616 [96 P.2d 125]; Code Civ. Proc., § 657, subsec. 4.)

(2) A general averment of "diligence" is not sufficient. The particular circumstances or acts performed by the moving party must be stated. (*Butler* v. *Vassault*, 40 Cal. 74, 76; *Ross* v. *Sedgwick*, 69 Cal. 247, 251 [10 P. 400].)

(3) An affidavit that newly discovered evidence was "wholly unknown" to the moving party is a mere allegation of a conclusion, and in the absence of supporting facts is insufficient to show that the moving party has used reasonable diligence to discover the evidence relied upon in his motion for a new trial. (*Hutchason* v. *Marks*, 57 Cal.App.2d 612, 614 [134 P.2d 495].)

In the instant case the only showing made by defendants in an effort to meet the requirement that they had shown reasonable diligence to obtain, prior to the time of trial, the alleged newly discovered evidence was defendants' affidavits that such evidence "was unknown" to them "at the time of the trial" and that they "could not with reasonable diligence

have discovered the said evidence in time to produce the same at the trial."

Clearly under rules (2) and (3), supra, the foregoing statements were merely conclusions of law and did not constitute facts sufficient to show that defendants could not have obtained the evidence prior to the time of trial had they used reasonable diligence. Therefore under rule (1), supra, having failed to show that they had used reasonable or any diligence to obtain such evidence before the date of trial the record failed to disclose any evidence to sustain the trial court's implied finding to the effect that they had been reasonably diligent. Such a finding was a prerequisite to the granting of a motion for a new trial.

The order is reversed.

Moore, P. J., and Wilson, J., concurred.