[Civ. No. 14512. First Dist., Div. Two. Dec. 19, 1950.]

HELEN G. MITCHELL, Appellant, v. DEL PRESTON, Respondent.

Norman A. Eisner for Appellant.

No appearance on behalf of Respondent.

DOOLING, J.—Defendant, a building contractor, entered into an oral contract with plaintiff to reconstruct a portion of the foundations of a dwelling house belonging to plaintiff, to excavate a portion of the basement area, and to make other alterations and repairs. The plans pursuant to which the work was done were prepared for plaintiff by a man who was not an architect. The plaintiff so testified: "he was not an architect . . . I learned after I had employed and paid him." What his qualifications, if any, were was not disclosed.

After the work was completed cracks appeared in the plaster of the interior walls, doors and windows jammed and plaintiff employed another to reconstruct portions of the foundation. She sued defendant for damages alleging that defendant "performed said alterations in so unskilled and negligent manner that . . . the foundation wall settled" causing the damages enumerated. The findings of the trial court expressly negatived these allegations and judgment went for defendant.

On appeal it is argued that the judgment is without support in the evidence. The evidence is in flat conflict as to the condition of the building before the alterations. Defendant's foreman testified to extensive cracks in the plaster which led defendant to suggest to plaintiff that much of it should be replaced, and that some of the doors were sticking before the work commenced. Plaintiff and her witnesses contradicted this. Plaintiff produced an architect who testified in chief: "There were many cracks throughout the house . . . and it

was evident they occurred since the painting was done . . . it is quite possible some of it was caused as a result of the foundation work." Of a portion of the new foundation work he testified: "Actually, it is about the best you can do under those circumstances . . . I think it is very poor construction."

"Q. From your examination, would you say that the structure on top of the concrete wall sank as the result of that? A. I think it is highly possible."

He further testified that he had had additional work done on the foundation and: "There still seems to be some cracking going on and I think it would be reasonable to expect it . . . . When you rearrange the entire system of a house like that, you can expect cracks to occur over a long period of years sometimes. . . . I think however if it is true this plaster was in good shape to begin with, then it was probably an inadequate job originally."

■ The burden was on plaintiff to prove that the defects which appeared in the house were due to defendant's faulty workmanship. ■ With this equivocal testimony on the part of her own expert we cannot hold that the trial judge abused his discretion in deciding that this burden had not been met.

Plaintiff moved for a new trial on the ground of newly discovered evidence. The evidence proposed to be produced was that of the city building inspector. In an effort to show the necessary diligence and excuse for not presenting this evidence on the trial plaintiff's affidavit stated: that she received a letter from the building inspector after the date of entry of judgment giving the results of his inspection; "that sometime prior to the writing of said letter" (date unspecified) the building inspector had inspected the premises and that "your affiant was informed that in the event said inspection revealed any defects in the construction . . . she would be advised thereof by said Building Inspector; that . . . no report was made to your affiant that said inspection revealed any defects . . . ."

In a counteraffidavit the building inspector stated that his inspection was made at plaintiff's request in January, 1949 (the trial was the following August) and that the records of such inspection were on file and available to plaintiff on August 22, 1949, the date of the trial; and that no request was made by plaintiff to produce them at the trial.

■ "(The) motion (for new trial) will be denied where the evidence might have been produced by the exercise of

reasonable diligence, or where the moving party has not shown due diligence in discovering and producing it, or where no reason is shown why the evidence might not, with reasonable diligence, have been discovered and produced." (20 Cal.Jur., New Trial, § 59, p. 85; *Slemons* v. *Paterson*, 14 Cal.2d 612, 616 [96 P.2d 125]; *Kirschbaum* v. *McCarthy*, 5 Cal.2d 191, 198 [54 P.2d 8].)

The trial judge cannot be charged with an abuse of discretion if he decided that a reasonably diligent litigant knowing of the inspection which she had requested would have inquired about its result before the trial.

Judgment affirmed.

Nourse, P. J., concurred.