[Civ. No. 16983. First Dist., Div. Two. Dec. 19, 1956.]

EVA NELL BENNETT, Appellant, v. PACIFIC GREY-
HOUND LINES et al., Respondents.

Morgan & Beauzay and Ted Finman for Appellant.

Carroll, Davis & Burdick for Respondents.

THE COURT.—This is an appeal by one of two plaintiffs
from a judgment on a verdict for defendants in a negligence
action for personal injuries suffered by plaintiffs when their
car collided with a Greyhound bus. The action was instituted
by Leslie Bennett and Eva Nell Bennett. Defendants alleged
as an affirmative defense contributory negligence of plaintiff
Leslie Bennett and that said negligence was imputable to
plaintiff Eva Nell Bennett, as his wife. Leslie Bennett testi-
fied that he married Eva in Reno, Nevada on January 8,
1954. The court instructed accordingly that if the husband
was found contributorily negligent, neither of the plaintiffs
might recover. After the adverse judgment both plaintiffs
moved for a new trial on all statutory grounds except ex-
cessive damages, which motion was denied. The only error
complained of by Eva, the appellant, is that the court abused
its discretion in not granting the motion on the ground of
newly discovered evidence. We have found said contention
without merit because of insufficiency of the affidavits filed in
support of said ground.

Two such affidavits were filed, one of Leslie Bennett to the effect that on September 25, 1943, he married Pearl Bennett and separated from her on April 11, 1950, that he believed that Pearl had instituted an action of divorce or annulment, that after the trial the relatives of Pearl informed him that his marriage with Pearl had not been terminated by divorce or annulment so that therefore he is not married to Eva Nell and his negligence, if any, is not imputable to her; the other of Pearl Bennett stating the same dates of marriage and separation as the first one, and that she is the wife of Leslie Bennett, not having annulled said marriage. There is no affidavit whatever of the appellant. It may be assumed, although it was not expressly stated in the affidavits or otherwise, that the newly discovered evidence on which appellant based her motion for a new trial was the evidence of Pearl Bennett that she still was the wife of Leslie so that appellant could not be his wife. However, no affidavit shows that appellant was not aware of that fact and the manner in which it could be proved at the time of the trial. ■ The party moving for a new trial on the ground of newly discovered evidence must show by his own affidavit that he did not know of the evidence and could not by diligence have obtained it. (*Arnold* v. *Skaggs*, 35 Cal. 684, 686-687; *People* v. *Buck*, 46 Cal.App.2d 558, 567 [116 P.2d 160]; *People* v. *Lindsey*, 90 Cal.App.2d 558, 568 [203 P.2d 572].)

It is said in *Arnold* v. *Skaggs*, *supra*: "Applications for new trials upon the ground of newly discovered evidence must be looked upon with suspicion and disfavor, because the temptation to make a favorable showing after having sustained a defeat is great." (P. 688.) In this case the statement of Leslie Bennett that he married appellant believing that his former wife had instituted an action of divorce or annulment, without indicating any grounds for said belief or any time and place of said supposed action or its culmination in a judgment, would be most suspicious and insufficient even if affiant were considered the moving party. However, this ground for a new trial relates to the position of appellant only and as regards her knowledge she herself knows best and must give her sworn statement. (*Arnold* v. *Skaggs*, *supra*, p. 687.) There was no abuse of discretion in denying the new trial.

Judgment affirmed.