[Civ. No. 21992.   Second Dist., Div. Two.   Mar. 19, 1957.]

KATHERINE DE FELICE, Plaintiff and Appellant, v. WENDELL R. TABOR, Defendant and Appellant.

Gold & Gold, Harry Gold and Hyman Gold for Plaintiff and Appellant.

Royal M. Galvin and Walter R. Baranger for Defendant and Appellant.

ASHBURN, J.—This is a paternity action in which the court, after trial without a jury, found that defendant is not the father of the child and rendered judgment in his favor. Plaintiff moved for a new trial and it was granted upon the ground of newly discovered evidence complying with the requirements of Code of Civil Procedure, section 657, subdivision 4. Defendant appeals from that order and plaintiff takes a cross-appeal from the judgment pursuant to rule 3(a) of the Rules on Appeal.

The motion for new trial was made upon three specified grounds,—insufficiency of the evidence to justify the decision, accident or surprise which ordinary prudence could not have guarded against, and newly discovered evidence material for the party making the application which she could not with reasonable diligence have discovered and produced at the trial. The clerk's minute order says: "Motion granted;" a later order signed by the judge says, "the motion of plaintiff for a new trial is now by the Court granted, on the grounds of newly discovered evidence." ▮ It is conclusively presumed that the order was not based on insufficiency of the evidence because it does not so specify. (Code Civ. Proc., § 657, last par.) There is no suggestion that the order is sustainable on the ground of surprise. ▮ This reduces the ruling to one based on newly discovered evidence, for the court cannot act upon a ground not specified in the notice of intention. (*Dynes* v. *Bekins Van & Storage Co.*, 175 Cal. 72, 73 [165 P. 12]; 4 Cal.Jur.2d § 539, pp. 393-394.)

▮ In support of the motion plaintiff presented two affidavits. One, made by Jack Sylvester, was to the effect that plaintiff had been employed by him from August 1951 through September 1952 (a period ending two years before the child was born), that during said period she resided in the home of himself and wife, usually watched television during the evening, and had no social contacts with men. According to plaintiff's physician the child was conceived in January 1954 and born in eight months, August 29, 1954. Obviously,

plaintiff knew at all times the facts set forth in this affidavit (if they be facts), and knew that Sylvester was cognizant of them. She gives no explanation of her failure to produce his evidence at the trial, nor does Sylvester's affidavit do so.

The affidavit of Dr. Bertram J. Meyer is to the effect that he examined plaintiff and found her pregnant on February 11, 1954, that pregnancy began in the first part of January 1954, that plaintiff had certain physical variations from normal and he therefore expressed the opinion that when she "became pregnant in or about the first part of January 1954 that she was almost a virgin." This same doctor testified at the hearing on order to show cause re temporary support, etc., on July 23, 1954. The commissioner's findings indicate that a caesarean delivery was expected, and this must have been based upon the doctor's testimony. His affidavit does not state that he never told plaintiff or her attorney the things he sets forth in the document; they are closely related to the expected caesarean birth, and neither plaintiff nor her attorney filed any affidavit showing ignorance of the facts stated by the doctor. No showing whatever is made that they or either of them exercised any diligence to procure and present the evidence now claimed to have been newly discovered. No affidavit made by the attorney or the client was presented to the court.

This failure to show diligence is fatal to the order granting a new trial. ▮ "While the granting or denial of a motion for a new trial upon the ground of newly discovered evidence is generally a matter within the discretion of the trial court, and such an order will be affirmed unless a clear abuse of discretion is shown, this rule has no application where the affidavit or other evidence upon which the order is made furnishes no basis for the exercise of such discretion. Such is the situation in the case at bar. The affidavit of plaintiffs is so lacking in essential particulars that it afforded no basis for the exercise of the discretion of the trial court in granting the motion." (*Slemons* v. *Paterson*, 14 Cal.2d 612, 615 [96 P.2d 125].) "Although it is well settled that the granting or denial of a motion for a new trial is discretionary with the trial court and its determination will not be disturbed even though this court might be inclined to rule differently if passing on the motion de novo . . . 'This rule has no application where the affidavit or other evidence upon which the order is made furnishes no basis for the exercise of such dis-

cretion.' " (*Kauffman* v. *De Mutiis*, 31 Cal.2d 429, 433 [189 P.2d 271].) To the same effect see, *Edwards* v. *Floyd*, 96 Cal. App.2d 361, 362 [215 P.2d 117] ; *Pierce* v. *Nash*, 126 Cal. App.2d 606, 620 [272 P.2d 938] ; *Boynton* v. *McKales*, 139 Cal.App.2d 777, 782 [294 P.2d 733] ; *Henningsen* v. *Howard*, 117 Cal.App.2d 352, 355 [255 P.2d 837] ; *Forman* v. *Goldberg*, 42 Cal.App.2d 308, 317 [108 P.2d 983].

Appellant's cited cases are not to the contrary. *Dry* v. *City & County of San Francisco*, 83 Cal.App.2d 790, 794 [189 P.2d 761], does say : "None of these cases are authority for a requirement that the party moving for a new trial on the ground of newly discovered evidence should have his counsel file an affidavit that he had no knowledge of the newly discovered evidence prior to the verdict." ▮ This seems a doubtful proposition, but certain it is that the motion cannot be granted in the absence of an affidavit of the moving party showing his or her ignorance and diligence. (*Arnold* v. *Skaggs*, 35 Cal. 684; *People* v. *Buck*, 46 Cal.App.2d 558, 567 [116 P.2d 160] ; *People* v. *Lindsey*, 90 Cal.App.2d 558, 568 [203 P.2d 572] ; *Bennett* v. *Pacific Greyhound Lines*, 147 Cal.App.2d 74, 75 [304 P.2d 721]. There was no basis in the present instance for the exercise of any judicial discretion and the order must be reversed.

The brief in support of the cross-appeal is confined to an attack upon the judgment on the basis of insufficiency of the evidence to sustain the findings in favor of defendant. It is but an argument directed to the weight of the evidence and made upon the assumption of the truth of appellant's own testimony.

▮ Plaintiff argues that certain of the evidence is inherently improbable and hence ceases to be substantial evidence within the doctrine of *Herbert* v. *Lankershim*, 9 Cal.2d 409, 471 [71 P.2d 220]. That case can have only narrow application, for the general rule is as stated in *People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758] : "Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. [Citation.] To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] Conflicts and even testimony which is subject to justifiable suspicion do not

justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.''

█ Pertinent to this case are the following observations. *Pores* v. *Purity Milk Co.*, 135 Cal.App.2d 305, 309 [287 P.2d 169] : ''It is not the province of a reviewing court to comment on each evidentiary conflict or disagreement or to present a detailed argument on the sufficiency of the evidence to support the findings.'' *Sonkin* v. *Hershon*, 130 Cal.App.2d 491, 492 [279 P.2d 156] : ''It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled.''

The order granting a new trial is reversed and the judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied April 8, 1957, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied May 15, 1957.