Filed 5/7/25  Cirignano v. Miranda CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| SANDRA CIRIGNANO, | D084455 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2022-00034154-CU-PA-CTL) |
| MARIO MIRANDA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Reversed.

Law Offices of Alex L. Benedict & Associates, Alex L. Benedict for Plaintiff and Appellant.

Jones Mayer, Scott Wm. Davenport for Defendant and Respondent.


While driving on the freeway, Sandra Cirignano and Mario Miranda were involved in an accident.  Miranda's semi-truck veered into Cirignano's car after running over a ladder that unexpectedly fell onto the road. Thereafter, Cirignano filed suit against Miranda asserting claims for negligence.  After discovery, Miranda moved for summary judgment based on

the defense of the sudden emergency doctrine. The court granted the motion, finding Miranda made a prima facie case that the doctrine applied in this circumstance and that Cirignano failed to demonstrate a triable issue of material fact rebutting the defense.

On appeal from the ensuing judgment, Cirignano contends the trial court erred by granting the motion because triable issues of material fact remain concerning whether Miranda contributed to the accident by following too closely behind the pickup truck carrying the ladder, and whether he acted reasonably when the ladder fell onto the freeway. As we shall explain, we agree with Cirignano that these questions were not properly resolved by the trial court on summary judgment. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 15, 2021, Miranda was driving a semi-truck without a trailer in the number three lane, the second closest lane to the freeway exits, on northbound Interstate 805 in National City. Cirignano was driving a Honda Civic in the number four lane to the right of Miranda, closest to the exits. Traveling in front of Miranda in the number three lane was a pickup truck carrying an aluminum ladder. When the pickup truck was approximately two car lengths ahead of Miranda, the ladder suddenly dropped onto the highway. In response, Miranda braked and ran over the ladder, causing him

---

[1]    Consistent with our standard of review of orders granting summary judgment or summary adjudication, we recite the historical facts in the light most favorable to Cirignano as the nonmoving party. (See *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*); *Light v. Department of Parks & Recreation* (2017) 14 Cal.App.5th 75, 81.)

to veer right towards Cirignano.[2]  A tire on Miranda's semi-truck hit Cirignano's car, causing her to spin across the freeway and come to rest near the center divider.

On September 16, 2022, Cirignano filed the instant lawsuit.  In her complaint, she asserted claims for general and motor vehicle negligence against Miranda.  After discovery, Miranda filed the motion for summary judgment.  Miranda argued judgment in his favor was required because the sudden emergency doctrine precluded Cirignano's negligence claims.  Specifically, Miranda argued that when the ladder fell from the pickup truck into the middle of the highway, he was confronted with a sudden and unexpected emergency.  Further, since Miranda did not cause, create, or contribute to the sudden emergency, and acted as an average driver would have in similar circumstances, the sudden emergency doctrine barred Cirignano's negligence claims.  In support of his motion, Miranda set forth 38 undisputed material facts with declarations and exhibits supporting each fact.

Cirignano filed a memorandum of points and authorities in opposition to Miranda's motion, and a separate statement of disputed material facts.  In her brief, Cirignano contended the motion should be continued to conduct additional discovery on two key witnesses.  She further argued triable issues

---

[2]	The record does not explain how long the pickup truck was in front of Miranda before the ladder fell onto the road.  In his declaration submitted in support of the motion for summary judgment, Miranda stated the truck passed him on the left and was traveling faster than Miranda, but does not elaborate when he was passed.  In her deposition testimony, also submitted by Miranda in support of his motion, Cirignano stated the truck was in front of Miranda when the ladder fell.  In addition, in his explanation of the facts in his brief in this court, Miranda states only that the truck was traveling in the number three lane in front of him and does not mention the truck passing him.

of material fact remained as to two elements of the sudden emergency doctrine: (1) Whether Miranda caused the emergency—at least in part—by failing to keep a greater following distance from the pickup truck carrying the ladder and (2) whether Miranda acted as a reasonable driver would have acted in similar circumstances.

To support this argument, Cirignano pointed to Miranda's expert's declaration, which stated Miranda's following distance of two car lengths was insufficient to avoid the ladder. In addition, in her separate statement of material facts, Cirignano disputed whether an "average, alert, attentive driver in this situation could have stopped in time or steered to avoid the ladder" and whether "Miranda acted as an average, alert, and attentive driver would have under the circumstances of the subject incident." She did not, however, make specific evidentiary objections or provide additional evidence to support the disputed facts.

In his reply in support of the motion, Miranda argued Cirignano failed to meet her burden of demonstrating a triable issue of material fact by failing to provide any evidence in support of the disputed facts set forth in her separate statement.

At the summary judgment hearing, the court asked Cirignano's counsel why he did not file a motion for continuance to conduct additional discovery. In response, Cirignano's counsel made an oral motion to continue the hearing so that he could file a motion for a continuance. The court rejected the request, stating there is no procedure under Code of Civil Procedure section

4

437c, subdivision (h) allowing for an oral motion after the opposition is due.[3] The court then asked Cirignano's counsel, "What evidence do I have that shows a material disputed fact?" Cirignano's counsel responded that a triable issue of material fact existed as to whether Miranda's following distance contributed to the accident and cited to Miranda's expert witness who opined that Miranda's following distance would not have allowed him to avoid the ladder. He further pointed to the police report to argue there was a triable issue of material fact as to whether Miranda swerved right to avoid the ladder or Miranda drove straight over the ladder.[4]

Dissatisfied with Cirignano's response, the court stated "I will tell you this was not an easy case for me because, frankly, when there's an accident like this, the doctrine is not one that's used easily …. But I have no evidence … to find anything other than what is being said by Defendant. I am ruling now, from the bench … that the motion is granted." The trial court issued an order granting the motion on March 13, 2024, and entered judgment in favor of Miranda on March 22, 2024.

---

[3] Subsequent undesignated statutory references are to the Code of Civil Procedure. Section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

[4] In the separate statement, Cirignano did not dispute the fact set forth by Miranda that he "braked and ran over the ladder and veered right towards Plaintiff only after running over the ladder." The police report is not a part of the appellate record.

On April 3, 2024, Cirignano filed a motion for reconsideration contending again there were triable issues of material fact that precluded summary judgment. The trial court denied the motion. Cirignano timely appealed from the judgment.

DISCUSSION

I

*Legal Standards*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) "[G]enerally, from commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Id.* at p. 850.)

Thus, a defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto." (*Aguilar, supra*, 25 Cal.4th at p. 850, citing § 437c, subd. (o)(2).) "To establish a cause of action for negligence, the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.' " (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 213.)

The sudden emergency doctrine, which is "also known as the imminent peril doctrine, shields a defendant from liability in a negligence action." (*Shiver v. Laramee* (2018) 24 Cal.App.5th 395, 397 (*Shiver*).) Under the doctrine, "a person who, without negligence on his part, is suddenly and

6

unexpectedly confronted with peril, arising from either the actual presence, or the appearance, of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments." (*Leo v. Dunham* (1953) 41 Cal.2d 712, 714.)  " 'The test is whether the [person] took one of the courses of action which a standard [person] in that emergency might have taken, and such a course is not negligent even though it led to an injury which might have been prevented by adopting an alternative course of action.' " (*Schultz v. Mathias* (1970) 3 Cal.App.3d 904, 912–913 (*Schultz*).)  Thus, to obtain summary judgment based on the doctrine, Miranda had to show the evidence was undisputed that:  (1) " 'there was a sudden and unexpected emergency situation in which someone was in actual or apparent danger of immediate injury;' " (2) Miranda " 'did not cause the emergency;' " and (3) he " 'acted as a reasonably careful person would have acted in similar circumstances, even if it appears later that a different course of action would have been safer.' " (*Shiver*, at p. 399, quoting CACI No. 452.)

"Ordinarily whether a person was unexpectedly confronted with an emergency and, whether being so confronted, [the person's] choice of alternatives to avoid disaster was one which a reasonable [person] might have taken under the circumstances are questions for the jury." (*Schultz, supra*, 3 Cal.App.3d at p. 913.)  Likewise, "ordinarily, whether a person has been suddenly confronted with imminent peril, or whether such peril was brought about through [the person's] own negligence, is a question of fact for the jury." (*Warren v. Sullivan* (1961) 188 Cal.App.2d 150, 154.)  In some cases, however, "the evidence establishes as a matter of law that defendant, through no fault of his own, was suddenly and unexpectedly confronted with

7

an emergency and had no time for deliberate and considered choice of alternatives." (*Schultz*, at p. 913.) In such "rare" cases, the sudden emergency doctrine "applies at a summary judgment motion." (*Shiver, supra*, 24 Cal.App.5th at p. 397; see *Abdulkadhim v. Wu* (2020) 53 Cal.App.5th 298 (*Abdulkadhim*) [affirming summary judgment based on sudden emergency doctrine].)

We review a trial court's decision to grant a motion for summary judgment de novo. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39; *Shiver, supra*, 24 Cal.App.5th at p. 400.) When the defendant relies on an affirmative defense as the basis for the motion, the defendant has the burden to produce evidence to support each element of the defense; and if the defendant does so, the burden shifts to the plaintiff to produce evidence that would allow a reasonable trier of fact to reject the defense. (*Mayes v. La Sierra University* (2022) 73 Cal.App.5th 686, 696–697; *Shiver*, at p. 400.) In reviewing the trial court's ruling, we determine whether there is a triable issue of material fact by considering all the evidence presented on the motion, except that to which objections were sustained, liberally construing the plaintiff's evidence and resolving any evidentiary conflicts, doubts, or inferences in plaintiff's favor. (*Gonzalez*, at p. 39; *Saelzler, supra*, 25 Cal.4th at pp. 767–768; *Shiver*, at p. 400.) If there is a triable issue of material fact, we reverse; if there is not and the defendant is entitled to judgment under the law, we affirm. (§ 437c, subd. (c); *Mubanda v. City of Santa Barbara* (2022) 74 Cal.App.5th 256, 261.)

II

*Analysis*

Cirignano contends that the trial court erred by entering summary judgment in favor of Miranda because there remained triable issues of

8

material fact as to whether the sudden emergency doctrine barred her claims. As we explain, we agree with Cirignano that the case should reach the jury and hold the trial court erred by granting summary judgment.

In response to Cirignano's assertion the trial court erred by granting his motion, Miranda argues that he made a prima facie showing that the sudden emergency doctrine applies. Further, he asserts that because Cirignano failed to present any evidence to rebut his showing, the court's decision was correct. We note first that, although Cirignano failed to identify evidence supporting the disputed facts in her separate statement, her filing was not "wholly deficient." (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1210). Rather, Cirignano "clearly indicated which of [Miranda's] proposed undisputed facts [she] contended were 'disputed.'" (*Ibid.*) In her separate statement, Cirignano explicitly disputed two of Miranda's facts. She indicated there was a dispute as to (1) whether an "average, alert, attentive driver in this situation could have stopped in time to or steered to avoid the ladder" and (2) whether "Miranda acted as an average, alert, and attentive driver would have under the circumstances of the subject incident." Further, although Cirignano's disputed separate statement did not set forth evidence to challenge these facts, her briefing in opposition to the motion and the arguments of her counsel at the hearing made clear she disputed these conclusions and identified the evidence that supported her position.

In particular, in her opposition brief, Cirignano argued extensively that Miranda failed to maintain a safe following distance from the pickup truck, contributing to the emergency that caused the accident. In support of this argument, she pointed to Vehicle Code section 21703, which provides that a driver "shall not follow another vehicle more closely than is reasonable and

9

prudent," and Miranda's own expert declaration stating that Miranda's following distance was insufficient to allow him to avoid the ladder. This evidence rebutted Miranda's assertion that Cirignano's claims were barred by the sudden emergency doctrine as a matter of law, and showed a triable issue of material fact remained as to whether Miranda contributed to the sudden emergency by following too closely. (See *Shiver, supra*, 24 Cal.App.5th at p. 399 ["A party will be denied the benefit of the doctrine of imminent peril where that party's negligence causes or contributes to the creation of the perilous situation."].)

With respect to whether Miranda's response was reasonable under the circumstances, Cirignano similarly argued that Miranda had not established a prima facie case that the claims were precluded because of his following distance. Cirignano argued that because Miranda left insufficient time to avoid the ladder, his decision to brake and run over the ladder, causing his truck to veer into Cirignano was not reasonable. To support this assertion, Cirignano again pointed to Miranda's expert's statement that Miranda could not avoid the ladder. This was sufficient to raise a triable issue of material fact with respect to whether Cirignano acted reasonably in light of the circumstances of the sudden emergency.

In sum, we agree with Cirignano that her opposition to Miranda's motion for summary judgment raised triable issues of material fact as to whether the sudden emergency doctrine barred her claims. Factual questions remain as to whether Miranda contributed to the accident by following the pickup truck carrying the ladder too closely. The parties, thus, were conflicted on the elements of the sudden emergency doctrine defense "thereby presenting a question of fact" for a jury. (*Walter E. Heller Western, Inc. v. Tecrim Corp.* (1987) 196 Cal.App.3d 149, 158.)

10

In his briefing, Miranda cites several cases to support his assertion that he established the sudden emergency doctrine defense precluded Cirignano's claims, and that she failed to meet her burden to rebut his prima facie case: *Abdulkadhim, supra,* 53 Cal.App.5th 298; *Schultz, supra*, 3 Cal.App.3d 904, and *Shiver, supra*, 24 Cal.App.5th 395. These cases do not convince us that we should affirm the judgment in favor of Miranda. In *Abdulkadhim*, the defendant, Tommy Wu, was driving on Interstate 10 between 60 and 70 miles per hour in front of the plaintiff's husband's car when he saw a vehicle stopped on the freeway 20 to 30 car lengths ahead. (*Abdulkadhim,* at p. 300.) Wu changed lanes and passed the stopped car at about 40 to 50 miles per hour. (*Ibid*.) The plaintiff's husband did not change lanes and crashed into the stopped car, resulting in his death. (*Ibid*.) The plaintiff brought suit against the driver and owner of the stopped car, the driver and owner of a car that struck the husband's car after the initial collision, and Wu. (*Ibid*.) Wu moved for summary judgment based on the sudden emergency doctrine. (*Id*. at p. 300.)

The trial court granted the motion and entered judgment in favor of Wu. (*Abdulkadhim, supra*, 53 Cal.App.5th at p. 300.) On appeal, the plaintiff argued summary judgment was improper because "Wu created the emergency by changing lanes at an unreasonably late time for [the decedent] to see [the] car stopped ahead of him and respond." (*Id*. at p. 302.) The Second District rejected this argument, holding the emergency at issue was not, as the plaintiff asserted, Wu's decision to change lanes, but the car stopped on the freeway. (*Ibid*.) The court explained that "[a]n emergency or peril under the sudden emergency … doctrine is a set of facts presented to the person alleged to have been negligent. It is *that* actor's behavior that the doctrine excuses." (*Ibid*.) Accordingly, the court concluded, it was "irrelevant

11

for purposes of the sudden emergency doctrine whether Wu's lane change created a dangerous situation for [the decedent] or anyone else; the only relevant emergency is the one Wu faced." (*Ibid*.)

In *Abdulkadhim*, there were no facts in the record showing Wu created, or contributed to, the emergency that resulted in her husband's death. Rather, his lane change was relatively far removed from the sudden emergency at issue in that case. In contrast, here, Cirignano alleges that Miranda contributed to the sudden emergency by not keeping sufficient distance behind the pickup truck, an assertion supported by record facts and Vehicle Code section 21703. The 20 to 30 car lengths that were present at the time Wu changed lanes is far different from the two car lengths between Miranda's truck and the ladder-carrying pickup truck. Whether Miranda's following distance was reasonable under the circumstances was not a fact settled by his evidence. (See *Brush v. Kurstin* (1936) 11 Cal.App.2d 258, 261–262 [" 'Even though the operator of an automobile may be rigidly within the law, "he still remains bound to anticipate that he may meet persons at any point of the street and he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision" ' "].)

*Schultz* is likewise inapposite. In *Schultz*, the plaintiff's son was riding in a Porsche that skidded into oncoming traffic on a two-lane highway after failing to negotiate a curve in the road. (*Schultz, supra*, 3 Cal.App.3d at p. 908.) The defendant, driving in the opposite lane, saw the Porsche heading toward him, veered left, and braked to try to avoid a collision. (*Ibid*.) At the same time, the driver of the Porsche regained control and veered right, resulting in a head-on collision, killing the Porsche's driver and the plaintiff's son. (*Ibid*.) The case proceeded to trial on the plaintiff's negligence claim

12

against the defendant, and the jury found in favor of the defendant. (*Ibid*.) The trial court subsequently granted the plaintiff's motion for a new trial, finding there was evidence presented of the defendant's negligence. On appeal from that ruling, the defendant asserted there was no evidence of his negligence because of the sudden emergency caused by the Porsche. (*Id*. at p. 911.)

The Court of Appeal agreed, holding the "evidence establishe[d] as a matter of law that defendant, through no fault of his own, was suddenly and unexpectedly confronted with an emergency and had no time for deliberate and considered choice of alternatives. According to plaintiffs' expert, the physical facts indicated that the Porsche swerved into the wrong lane because the driver was unable to negotiate the curve. At the moment defendant saw the Porsche in the wrong lane the vehicles were 350 to 400 feet apart, closing in on each other at a combined speed of at least 120 miles per hour or 180 feet per second. Manifestly defendant had no time for deliberate evasive action." (*Schultz, supra*, 3 Cal.App.3d at p. 913.) The court also rejected the plaintiff's argument that the defendant was negligent by failing to anticipate that the Porsche would attempt to return to the correct lane, concluding no evidence at trial supported this theory. (*Ibid*.) As in *Abdulkadhim*, in *Schultz* there was no evidence to support a finding that the defendant was negligent. Unlike *Schultz*, which was decided after a trial, a question remains here as to whether Miranda's conduct contributed to the accident at issue by following the pickup truck too closely.

The facts of *Shiver*—decided on summary judgment—are arguably the closest analog to this case, but *Shiver* is also distinguishable. There, an unidentified driver in a black car was "tailgating [another car driven by Michelle Adams] and driving recklessly behind her as she approached the on-

13

ramp" of the US 101 Freeway. (*Shiver, supra*, 24 Cal.App.5th at p. 397.) The defendant, Charles Laramee, was driving a "fully loaded tractor-trailer" and was in the far right lane closest to the on-ramp, behind the cars on the ramp. The black car moved off the ramp, into the far right lane of the freeway and passed Adams " 'while giving her an obscene gesture.' " (*Ibid.*) Adams continued to merge into the lane behind the black car, and another car driven by the plaintiff merged behind Adams, in front of Laramee. (*Ibid.*)

Without warning, the black car slammed on its brakes, " 'causing [Adams] to apply the brakes. [The plaintiff] had to apply [his] brakes directly to the front of [Laramee] in order to avoid a collision with [Adams]. [Laramee] noticed that the vehicles ahead of him were stopping, but he was unable to stop or take evasive action before the front of [his tractor-trailer] struck the rear of [plaintiff's car]. This impact caused [plaintiff's car] to move forward to where the front of [his car] struck the rear of [Adams's car].' " (*Shiver, supra*, 24 Cal.App.5th at p. 397.) The black car continued on unscathed. (*Id.* at p. 398.) Laramee testified he was traveling 45 miles per hour when he saw the three cars ahead of him, but to his right, on the on-ramp. "When the black car passed Adams before braking in front of her, Laramee 'slowed down' " and when the plaintiff "started to merge ..., Laramee was two-car lengths behind him." (*Ibid.*)

The trial court granted Laramee's motion for summary judgment based on the sudden emergency doctrine. On appeal, the court affirmed, rejecting the plaintiff's assertion that Laramee contributed to the emergency or acted unreasonably in response to it. In so holding, the Court of Appeal concluded the sole cause of the emergency was the black car's erratic driving, specifically braking unexpectedly in front Adams. "But for its braking, … [plaintiff] would have safely merged in front of Laramee's truck." (*Shiver,*

14

*supra*, 24 Cal.App.5th at p. 401.)  Further, the court rejected the plaintiff's contention that Laramee was arguably negligent by failing to yield to the merging traffic, citing the Vehicle Code's requirement that a merging vehicle, like the plaintiff, "was required to 'yield the right-of-way to all traffic ... approaching on the highway close enough to constitute an immediate hazard, and [to] continue to yield the right-of-way to that traffic until he ... can proceed with reasonable safety.' " (*Id*. at p. 402.)  Because the plaintiff's car was not in front of Laramee, but rather merging from his right, Laramee "was under no duty to leave 'a proper space cushion' " in accordance with Vehicle Code section 21703.  (*Ibid*.)

Unlike the situation in *Shiver*, it is undisputed that Miranda was driving directly behind the pickup truck carrying the ladder in the number three lane.  Thus, Miranda was arguably under a duty to leave enough space to avoid a collision.  Although close, we agree with Miranda that this is not "the rare case" in which we should apply the doctrine as a matter of law on a summary judgment motion.  (*Shiver, supra*, 24 Cal.App.5th at p. 397.)

DISPOSITION

The judgment is reversed.  Appellant is awarded the costs of appeal.


McCONNELL, P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.


15